J-S05028-26

2026 PA Super 89

| | | |
|---|---|---|
| IN RE: ESTATE OF IRVIN MICHAEL SINGER, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JACOB SINGER | : : : : : : : : : | No. 993 EDA 2025 |

Appeal from the Decree Entered April 14, 2025
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  O.C. No. 386 DE of 2021

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY KING, J.:                                      **FILED APRIL 30, 2026**

Appellant, Jacob Singer, appeals from the decree entered in the Orphans' Court of the Philadelphia County Court of Common Pleas, which denied his petition for citation to compel burial arrangements for Irvin Michael Singer ("Decedent").  We affirm.

The opinion from the Orphans' Court set forth the relevant facts and procedural history of this appeal as follows:

### A.  Last Will and Testament

Decedent executed his Last Will and Testament ("Will") on March 30, 2020, and a Codicil dated August 26, 2024.  In this Will and subsequent Codicil, Decedent stated that he was a resident of Dade County, Florida.  At the time of death, Decedent was divorced and survived by three adult children: David Singer [("Appellee")], [Appellant], and Paul Singer.

Decedent named [Appellee] as the Executor of his Will and

_____

[*] Retired Senior Judge assigned to the Superior Court.

empowered him to manage his estate upon his death. Decedent provided a single directive for burial: burial in the family plot, which is located at Laurel Hill Cemetery, Philadelphia, Pennsylvania.

The pertinent portion of the Decedent's will is as follows:

> SECOND: **BURIAL, PERPETUAL CARE AND MEMORIALS**
>
> I direct my Executors to bury me in my family plot, which I have purchased in the Laurel Hill Cemetery, Philadelphia, Pennsylvania, and to pay out of my estate of the cost of the perpetual care and maintenance of such burial plot should arrangements for the same not have been concluded and paid for at the time of my death.

Upon information and belief, the original copy of the Decedent's will is currently held by the Miami Dade Orphans' or probate division following its submission for probate.

**B. Decedent's Death**

Decedent died on March 31, 2025, in the state of Florida from natural causes. The Florida Death Certificate listed Decedent's place of death at "Decedent's Home" at "1121 Crandon Boulevard #D308, Key Biscayne, Florida, 33149, United States" in "Miami Dade County."

(Orphans' Court Opinion, filed 6/13/25, at 3-4) (record citations omitted).

On April 9, 2025, Appellant filed a petition for citation to compel requested burial arrangements for Decedent. In it, Appellant alleged that he contacted Laurel Hill Cemetery. Cemetery staff informed Appellant that Appellee "was handling alone the burial of Decedent … and that [Appellant] and Paul Singer were not to be told about the arrangements and that they

were not invited to any burial services."[1] (Petition to Compel, filed 4/9/25, at ¶3). Further, Appellant asserted that he visited with Decedent before his death. During these visits, Decedent told Appellant "that he wanted their rabbi to officiate over his burial ceremony when the time came." (*Id.* at ¶34). When Appellant discussed this matter with Appellee, Appellee "would have none of it and he would not let [Appellant], Paul Singer or their families be involved in any arrangements or even attend any ceremony." (*Id.* at ¶37). Consequently, Appellant requested emergency interim relief under the Probate, Estates and Fiduciaries ("PEF") Code, 20 Pa.C.S.A. §§ 101-8816. That same day, the Orphans' Court issued a decree to stay all burial and interment arrangements for Decedent pending a full hearing.

The court conducted the evidentiary hearing on April 11, 2025. At that time, the court received testimony from Appellant, Appellant's daughter, Appellee, and Paul Singer. On April 14, 2025, the court issued its decree denying Appellant's petition. Specifically, the court determined that Appellee presented credible evidence to establish that "Decedent had fixed his domicile in the State of Florida at the time of his death[.]" (Decree, filed 4/14/25, at 2) (unnumbered). Citing Sections 711 and 721 of the PEF Code, the court

---

[1] To provide additional context, the petition claimed that Appellee "had an acrimonious relationship with his brothers Jacob and Paul, who both are involved in litigation with [Appellee] for misappropriating monies through [Appellee's] management of certain properties owned by trusts administered by the brothers." (Petition to Compel, filed 9/9/25, at ¶4).

concluded that it lacked authority to consider Appellant's petition because Decedent was not domiciled in Philadelphia at the time of his death.

Appellant timely filed a notice of appeal on April 15, 2025.[2] On April 24, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on May 7, 2025.

Appellant now raises four issues for this Court's review:

> Did the … court err when the … court ruled that the Orphans' Court Division of the Court of Common Pleas did not have jurisdiction to decide [Appellant's] petition to compel requested burial arrangements?
>
> Did the … court err by refusing to exercise the non-mandatory jurisdiction of the Philadelphia Orphans' Court to decide the petition to compel requested burial arrangements?
>
> Did the … court err when the … court ruled that the general jurisdiction Philadelphia Court of Common Pleas did not have jurisdiction to decide [Appellant's] petition to compel requested burial arrangements?
>
> Did the … court err by failing to find that [Appellant] along with his brother Paul Singer had the right to determine the funeral arrangements for [Decedent]?

(Appellant's Brief at 5).

We need only address Appellant's fourth issue, as it disposes of the entire appeal. Appellant acknowledges that Section 305 of the PEF Code offers

---

[2] Prior to filing the notice of appeal, Appellant filed a motion for reconsideration on April 14, 2025. After Appellant filed the notice of appeal, the court denied the motion for reconsideration on April 21, 2025.

- 4 -

the "procedure for resolving family disputes related to the burial services for" Decedent. (*Id.* at 27). Appellant interprets Section 305 to provide "that if two or more persons with equal standing as next of kin disagree on disposition of the decedent's remains, the authority to set final arrangements shall be determined by the majority of those kin." (*Id.* at 27-28). Here, Appellant claims that he and Paul Singer agreed that Decedent needed a formal religious ceremony in conjunction with his burial. Appellant insists that his and Paul's wishes, as the majority of the next of kin, trumped Appellee's desire for a smaller ceremony. Appellant maintains that the Orphans' Court decision "allowed the vindictive and callous concerns of one individual to silence the wishes of so many." (*Id.* at 31). Appellant concludes that this Court must reverse the decree denying his petition "and hold that the majority of the brothers should have been given the right to arrange the burial services."[3] (*Id.* at 32). We disagree.

_____

[3] The parties do not dispute the fact that Decedent was already buried at the appropriate cemetery in Philadelphia, and, arguably, the appeal is now moot. "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *In re D.A.*, 801 A.2d 614, 616 (Pa.Super. 2002) (*en banc*).

> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*(Footnote Continued Next Page)*

Appellant's issue, concerning the applicability of Section 305 of the PEF Code, presents a pure question of law, and, thus, "our standard of review is *de novo* and our scope of review is plenary." ***Freedom Medical Supply, Inc. v. State Farm Fire and Cas. Co.***, 635 Pa. 86, 91, 131 A.3d 977, 980 (2016).

> The object of interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly. When the words of a statute are clear and free from all ambiguity, their plain language is generally the best indication of legislative intent. A reviewing court should resort to other considerations to determine legislative intent only when the words of the statute are not explicit. In ascertaining legislative intent, this Court is guided by, among other things, the primary purpose of the statute, and the consequences of a particular interpretation.
>
> Moreover, it is axiomatic that in determining legislative intent, all sections of a statute must be read together and in conjunction with each other, and construed with reference to the entire statute.

***Prieto Corp. v. Gambone Const. Co.***, 100 A.3d 602, 606-07 (Pa.Super. 2014) (citation omitted).

Section 305 governs disputes over burial arrangements as follows:

**§ 305.  Right to dispose of a decedent's remains**

    **(a)  General rule.—**Except as specified in subsection

---

Here, we are mindful that challenges to burial arrangements are time-sensitive matters. Following an Orphans' Court ruling, a decedent will necessarily be buried or interred before any appeal is resolved. As such, there is a dearth of appellate decisions interpreting Section 305. This is underscored by the parties' reliance on various Orphans' Court decisions throughout the argument sections of their briefs. Therefore, we believe this case presents an exception to the mootness doctrine where Appellant's question presented is capable of repetition and apt to elude appellate review. ***See id.***

(a.1) [regarding members of the armed forces], the determination of the final disposition of a decedent's remains shall be as set forth in this section unless otherwise specifically provided by waiver and agreement of the person entitled to make such determination under this section, **subject to the provisions of a valid will executed by the decedent** and sections 8611(a) (relating to persons who may execute anatomical gift) and 8654(1) (relating to requirement of explicit, specific and separate authorization).

\* \* \*

**(b)  Disposition of the remains of a deceased spouse.—**Absent an allegation of enduring estrangement, incompetence, contrary intent or waiver and agreement which is proven by clear and convincing evidence, a surviving spouse shall have the sole authority in all matters pertaining to the disposition of the remains of the decedent.

**(c)  Disposition of the remains of others.—**If there is not a surviving spouse, absent an allegation of enduring estrangement, incompetence, contrary intent or waiver and agreement which is proven by clear and convincing evidence, the next of kin shall have sole authority in all matters pertaining to the disposition of the remains of the decedent.

**(d)  Procedure.—**Where a petition alleging enduring estrangement, incompetence, contrary intent or waiver and agreement is made within 48 hours of the death or discovery of the body of the decedent, whichever is later, a court may order that no final disposition of the decedent's remains take place until a final determination is made on the petition. Notice to each person with equal or higher precedence than the petitioner to the right to dispose of the decedent's remains and to his attorney if known and to the funeral home or other institution where the body is being held must be provided concurrently with the filing of the petition.  A suitable bond may be required by the court.

(1)  If the court determines that clear and convincing evidence establishes enduring estrangement, incompetence, contrary intent or waiver and agreement, the court shall enter an appropriate order regarding the final

disposition which may include appointing an attorney in fact to arrange the final disposition, with reasonable costs chargeable to the estate.

(2)  If two persons with equal standing as next of kin disagree on disposition of the decedent's remains, the authority to dispose shall be determined by the court, with preference given to the person who had the closest relationship with the deceased.  If more than two persons with equal standing as next of kin disagree on disposition of the decedent's remains, the authority to dispose shall be determined by the majority.  Where two or more persons with equal standing cannot reach a majority decision, the court shall make a final determination on disposition of the decedent's remains.

(3)  If the court determines that the petition is not supported by a clear and convincing evidence, the court may award attorney fees.  An award of attorney fees shall constitute a setoff against any claim by the petitioner against the estate.

20 Pa.C.S.A. § 305(a)-(d) (emphasis added).  "Contrary intent" is defined as an "explicit and sincere expression, either verbal or written, of a decedent adult … prior to death and not subsequently revoked that a person other than the one authorized by this section determine the final disposition of his remains."  20 Pa.C.S.A. § 305(e).

Instantly, Decedent's will included the following provision appointing Appellee as executor:

**NINTH:** **APPOINTMENT OF FIDUCIARIES**

(a)    I direct that my son, DAVID SINGER, serve as Executor of this, my Last Will and Testament, with the powers herein set forth below.

(b)    Should for any reason my son, DAVID SINGER, fail to qualify or cease to act as such during the administration of my estate and thereafter, then in that event I appoint my attorney, MICHAEL F. ROGERS, ESQUIRE, as substitute Executor under this, my Last Will and Testament, to serve with the same powers, duties and discretion as if originally appointed.

(Response to Petition to Compel, filed 4/10/25, at Exhibit A). As mentioned in the Orphans' Court opinion, Decedent's will also authorized the executor to facilitate Decedent's burial in the family plot.

Significantly, Appellant's petition to compel attacks Appellee's decisions as executor rather than the validity of Decedent's will:

> Out of pure spite and vindictiveness, obviously related to the difficulties in their relationship caused by the various litigations, [Appellee] intends to cut his brothers out of any burial arrangements and services for [Decedent].
>
> Emergency interim relief and final relief is necessary as [Appellant] and Paul Singer have learned that [Appellee] intends to secretly bury Decedent … sometime on Thursday, April 10, 2025 at Laurel Hill East Cemetery in Philadelphia without their input and involvement in the burial services.

(Petition to Compel at ¶39-40).

On appeal, Appellant grounds his argument in the language of Section 305(d)(2), which gives a majority of the next of kin authority over burial matters under certain circumstances. Appellant, however, ignores the preceding statutory language, which establishes that the requirements of

Section 305 are "subject to the provisions of a valid will executed by the decedent…." 20 Pa.C.S.A. § 305(a). Because Decedent's valid will named Appellee, as executor, to be responsible for the burial, our Section 305 analysis ends there. **See Prieto Corp., supra**. Accordingly, we affirm the decree denying Appellant's petition for citation to compel burial arrangements, albeit on other grounds.[4]

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/30/2026

---

[4] This Court may affirm a trial court on grounds other than those specified in its opinion. **See In re C.S.**, 761 A.2d 1197, 1201 (Pa.Super. 2000) (*en banc*). Here, the Orphans' Court did not address the merits of Appellant's petition due its conclusions regarding jurisdiction and venue. (**See** Orphans' Court Opinion at 7-10). **Assuming without deciding** that jurisdiction and venue were proper in the Philadelphia County Orphans' Court, we conclude that the well-developed record did not afford relief to Appellant on the merits of his claim.